We'll hear argument first this morning in Case 18-1171, Comcast Corporation v. National Association of African American-Owned Media. Mr. Estrada? Mr. Chief Justice, and may it please the Court, the Ninth Circuit held in this case that a plaintiff may succeed on a Section 1981 claim merely by showing that race was a factor that was considered in the defendant's decision-making, even if the decision would have made and was made for entirely appropriate business reasons having nothing to do with race. Solely on this basis, the Ninth Circuit saved the plaintiff's third complaint from dismissal. We submit that this decision is wrong and should be reversed for at least three reasons. The first is that it is contrary to this Court's decision, such as Gross and Nassar, holding that but-for causation is the background rule that Congress must have presumed to have been adopted in all Federal statutes unless the statute provides otherwise, which we submit Section 1981 does not, either as originally adopted in 1866 or as amended in 1991. Second, in 1991, Congress amended Title VII to provide for a motivating factor standard, but did not amend Section 1981 to provide the same, even though it amended Section 1981 in other respects at the same time. This all but conclusively shows that Section 1991 requires but-for causation, as this Court concluded in Gross and Nassar with respect to the ADA and the retaliation provisions of Title VII. And third, it is – if the Ninth Circuit has affirmed, it would be vastly easier to recover damages under Sections 1981 judicially implied cause of action than under any express cause of action actually enacted by Congress under any Federal anti-discrimination law. And thus, affirming the Ninth Circuit would effectively mean that Section 1981 would completely displace the carefully tailored regime that Congress has devised in Title VII to govern employment discrimination cases. No well-advised plaintiff would ever sue under Title VII in any employment case. Roberts. Counsel, I wonder if the distinction they're fighting over is somewhat academic. In the contract negotiation process, for example, there may be several steps along the way. And if at one of those steps there's clear racial – excuse me – animus evident and that, you know, the process continues on, and at the end of the day the contract is denied, it may be hard to prove but-for causation. On the other hand, it's also hard to ignore the part – the step in which there was clearly evident racial animus. And it may be a reasonable argument or – excuse me – allegation that that animus continued through even though manifested only at one stage of the process. Well, all complaints are different, Mr. Chief Justice, and I don't rule out, you know, the possibility that a complaint may allege such an expression of animus that it could actually imply that the animus continued until the end such that the complaint does allege but-for causation. Now, the plaintiffs from the motion to dismiss in this case to the Ninth Circuit have stuck their case on the proposition that they are alleging that race was a motivating factor and a motivating factor only, and they were not prepared to prove but-for causation. And, you know, we contend that that is wrong under Gross and Nassar. Now, we don't think that this complaint actually passes pleading standards under any standard, as we've made clear. But, of course, you know, it is also the case that we have cases like Gross and Nassar in which it is evident from the record that some consideration of the protected factor was made in the employment context. And at the end, you know, the jury still had to be instructed that it had to determine whether that was a determinative factor in the decision-making. And in all of these cases, you know, the Court has already determined that the fact finder will have to make the decision, as Gross said, whether that factor not only played a role but also had, as Justice Thomas put it in Gross, a determinative effect in the decision-making. Kagan. Mr. Estrada, you said that the Respondents here continue to say that they don't have to prove but-for causation. I'm a little bit confused about that point, and I guess this is for Mr. Chemerinsky to think about as well. But in your reply brief, you make the good point that on page 47 or 49 of the Respondents' brief, they seem to say the opposite. They seem to suggest by quoting that Third Circuit case that, in fact, they are going to have to prove but-for causation at the end. And the question here is really what they have to allege now. And if we take it that way, I mean, Mr. Chemerinsky can say what he wants to say about that, but let's just assume that that's true, that they are going to have to plead but-for, excuse me, that they're going to have to prove but-for causation at the end. That is the ultimate standard in the case. But this is a complaint. And, you know, it's pre-discovery, and the plaintiff is not going to know what the defendant was thinking about in making whatever contract decisions the defendant was making. And so what do you think the plaintiff has to allege at the beginning? Well, I think, you know, I have two answers to that. I think, first, the Ninth Circus ruling in this case had nothing to say about the complaint. In fact, the Ninth Circuit worked from what was needed to prevail on the merits to then upholding the complaint. Yes. So I take that point, and I would think that if my assumption holds, which is that the respondents do have to prove this at the end, then you would have to say that the Ninth Circuit is wrong. But you would still have the question of whether the complaint is sufficient. Yes. Now, the second point I was going to make is the whole question of whether there is a position on that. I don't actually know what the position is on that, but I understand what they're trying to say, based on the Cass case, that it may be that but-for sort of applies in the sense that the burden of showing but-for causation is shifted to us, so that it, in the sense, what actually is happening is that they are arguing for the Price Waterhouse framework without daring to name its name. Yes. So they could be saying that, and I guess this is another thing for Mr. Chemerinsky to be thinking about. I mean, they could be saying that, that this is essentially an attempt to shift the burden of but-for causation onto you. But they don't have to be saying that. Excuse me, Mr. Estrada. They don't have to be saying that. They could be saying, no, we really do believe that, in the end, we're going to have to prove but-for causation, but because we're pre-discovery, because we can't really – I mean, you don't want people throwing around baseless allegations in their complaint, that a complaint should be found sufficient even if it doesn't allege but-for causation. You know, it's enough to say they made a racist remark, and they gave – and they gave contracts to lots of white firms that weren't as good as our firm. And that's enough. Yes. Well, the – now, the answer to – you know, the bottom-line answer, though, I mean, the theory that underlies all of your questions is that the answer to your question is actually controlled by Rule 8, Twombly and Iqbal. And it's actually very clear from Iqbal especially, which was a discrimination case, and from Twombly antecedently, where Justice Souter, in writing Twombly, said, we do not want people to open the doors to discovery based on conclusory allegations or formulaic elements of the offense dressed up as factual assertions. And in our view, that's what we have in this case. And so it is not an answer to say, because you can say that in practically every case, antitrust and discrimination, et cetera, that the facts, especially with respect to mental state, will always be in the possession of the defendants. Well, Mr. Estrada, though, isn't it – isn't it – I'm sorry. Go ahead. Isn't it perfectly common when you're alleging a mental state of an opposing party, and you have yet to have discovery, to allege on information and belief mental states? And isn't that the simple solution here? Well, yes and no, Justice Gorsuch. You can – you can – you can allege that so long under Twombly and Iqbal as you also allege facts from which – You have to have a good faith – right, right. But if – positing Justice Kagan's facts, there's a statement, and you have some factual circumstances that might lead to that inference. Yes, yes. Then you would – you would plead that mental state. And if you plead the factual circumstances that possibly give rise to the inference, then you would have a case that – that possibly complies with – Well, but – Maybe. But – I mean, you said Iqbal and Twombly, and that seems quite right. But we had this case before Iqbal and Twombly, which is in the Title VII context. I'm not sure how to pronounce it. Swerkiewicz or something like that. Sorema, yes. Which – which – which Twombly said, we're thinking about that case, and that case is still good law. And what – and what – when that case said – this was actually a McDonnell-Douglas shifting case with the prima facie case. And Swerkiewicz said, you don't actually have to in your pleadings even show the prima facie case that we understand pleadings in this field are really different. And – and Iqbal and Twombly says, yeah, that's still good law. With all due respect, Justice Kagan, I think that that is not a fully accurate characterization of the case or of how Iqbal actually distinguished it. What was happening in the Sorema case, let's call it that to make our lives easier, is that the Second Circuit had ruled that the complaint was deficient because the plaintiff had played – had failed to allege the McDonnell-Douglas framework in the complaint. Now, the court overturned that ruling, pointing out that the McDonnell- Douglas framework is an evidentiary framework that a plaintiff may choose to use at a trial, not a pleading framework. And that was what Twombly actually later, you know, reaffirmed. And what Twombly was basically saying is you may choose to prove your case in a particular way, but you are not required to plead that in all cases. McDonnell-Douglas, for example, does not even apply if you have direct evidence of discrimination. It's a way to prove your case circumstantially. So it doesn't make sense to impose on plaintiffs, you know, the burden to plead that in a pleading. And I think all the court was saying is that if a plaintiff has a choice down the road to prove his case in a particular way, that is not a requirement of pleading. But again, none of that has anything to do with – Sotomayor But I'm not sure – I go back to the Chief Justice's initial point, which is if I come forward and show that race was a motivating factor, it can also be the but-for. Until a defendant is disposed and discovery is held, then that becomes an issue for the trier of fact of whether or not that motivating factor was a but-for cause. So I think as long as you have enough in your complaint to show racial animus and a reasonable inference can be drawn that that's a but-for cause, I think a plaintiff has done more than enough. What you seem to be suggesting is that they're required to anticipate every potentially independent reason you may have had without really knowing it and disproving it in the complaint. That makes no sense. No, actually, I have said nothing to that effect, Justice Sotomayor. I have said that under Twombly and Nickball, a plaintiff is required to allege facts, not conclusory recitation of the elements of the offense, that plausibly give rise to the inference. The problem is that the Ninth Circuit – neither the Ninth Circuit and even the government admits that it didn't look at this complaint through the lens that would be provided if we find but-for causation. Correct. But I will point out that if you find but-for causation, you would then have to examine that under the requirements of Iqbal that require – Not us, the Ninth Circuit. Well, somebody. It would be permissible for you as you did in Twombly and in Iqbal itself. Iqbal, of course, was a discrimination case, and you examined the complaint in that case, too, thinking that that would be informative for the lower courts. It would not be, you know, with all due respect, you know, as many worthy efforts have been made in this case to blue line the complaint in this case for the edification of the court. I mean, it is worth reading because there are any number of allegations in the complaint to the effect. There are a lot of them. Your Honor, if the – if the respondents now agree that in the end, the burden of the substantive standard is but-for, is there a dispute about that issue before us, or is the only question before us whether enough facts were pled under 12b-6 and Iqbal and Twombly, which is what this seems to have devolved into and is therefore not the big issue that has been portrayed? Well, I think they would – they would further have to agree that what they mean is but-for concision, and they bear the burden of persuasion, like, on all elements. So the disagreement, then, would be, you know, if the evidence is exactly in equipoise, which way does it go? No, I think they – That's what it would be. No, I think what they mean to say in accepting the CAS standard is but-for in the sense that they accept the Pricewaterhouse plurality opinion. They just don't want to call it that because they understand that this Court is not buying it. Okay. So it's – it's what would happen if it's in equipoise, and who has the burden of production on the issue? The burden of persuasion, Your Honor, because under the plurality in Pricewaterhouse, you know, the burden of persuasion, even if it is but-for, shifts to the defense. Right. But it's but-for by a preponderance. It's a question of who has that burden. Correct. But I think what's really going on is that the Respondents are really arguing Pricewaterhouse, as they did expressly in both courts below. They're not actually citing it, but they are actually, in a way, sort of admitting that somebody has – may have a but-for burden of persuasion, but they would like it to be us. Now, that is also equally wrong for any number of different reasons. Yeah. Well, I don't know why the United Circuit did what it did here, and I don't know why the Respondents have argued the case the way they did here. But if – if you look at the recitation of facts on pages 3 to 5 of the Respondents' brief, could you say that those are insufficient to raise an – in a – if pled, those would be insufficient to raise – to satisfy the pleading standard, even if the burden of persuasion is but-for causation? Comcast told Entertainment Studios its channels are good enough. It needed to get support in the field. It turned out, according to them, that it didn't matter whether they got support in the field and so forth. There is a recitation of facts. Yes. We do say that that's enough, and we have a number of reasons for that. Some of what they say is actually not in the complaint and has not been in the last two complaints. That's point one. Some of what they say about, you know, the demand for their services is something that they were able to allege in their third and last complaint. You know, all of the notion about how much they're carried and how many customers, you know, they reach is driven entirely by the fact that they are currently – may I finish, Mr. Chief Justice? Sure. That they're currently carried by AT&T and DirecTV, which is – which are now one company. Now, it should be perfectly clear to everybody in this courtroom that that's an allegation that they were only able to make in the third complaint in this case. It was not in the first or the second complaint. And the reason for that is, due to the dependency of the entire litigation in this case, they were suing AT&T and DirecTV as they were suing us. And that – Thank you, counsel. Ms. Ratner. Mr. Chief Justice, and may it please the Court, the Court of Appeals found that a plaintiff can prevail under Section 1981 if race played any role in a decision not to contract, even if it was not a but-for cause. That's wrong under this Court's decisions in Gross and Nassar, and nobody defends that test as the ultimate standard for causation under Section 1981. Instead, and I think this gets to Justice Kagan's line of questions, respondents invoke burden shifting to argue that at the pleading stage, motivating factor – a motivating factor can be enough. That might have been true under Price Waterhouse burden shifting, but Price Waterhouse no longer controls. So for the first time, respondents turn to McDonnell-Douglas burden shifting instead. But McDonnell-Douglas, even if it applies in this context, is not relevant to the causation question. It shifts only the burden of production at trial. So it can't affect the elements that a plaintiff needs to prove or that a plaintiff needs to plead. And the Swierkiewicz decision that Justice Kagan pointed to underscores that. It says that there's no different analysis under what was then the old notice pleading standard, but now under Twombly and Iqbal for these types of anti-discrimination cases. Sotomayor Can I take you back to the basic structure? Mr. Chemerinsky can speak for himself as to what burdens he's accepting or not, okay? But I'm looking at the statute, and I don't see any of the but-for language because of or any of the other that we have interpreted in any other statute. What I see is a statute that says all citizens must have the same right. And if you're talking about in the making performance execution of the contract, and we've also said the civil rights law was designed to eliminate all race discrimination. I'm not sure how we can square those two things with a but-for. How can it be that if you're treated differently because of your race in the formation of the contract, but you're denied the contract for another reason that other people may have been denied for, but you were treated differently, more burdens were put on you, more expenses were put on you, and at the end they say, you know, we really would never take on anyone like you with your business because, and it's true, nobody with your business plan has been accepted before, but you've been run around in circles and made to expend a lot of money. Why is that not actionable? So let me give you three responses, Justice Sotomayor. The first is the text says the same right to make a contract. I think if you asked an ordinary English speaker whether someone who would never have been granted that contract regardless of her race, whether that person was black or white, I think people would say no. But even if that's unfair. The dictionary says definition of making is just, quote, the process of being made. Yes. So it's the process. It's not just the entering into the contract. There are different words in the statute. So I'm happy to address the making point, but let me just underscore that. But I want to go back to the broader point, which is how can you say that you have the same right and that we're eliminating all vestiges of discrimination if we are not using motivating factor but are using a but-for standard? Justice Sotomayor, there's a lot baked in there. I think to the extent you think there is some ambiguity in the same right language, the next place to look is a very important textual clue, and that's Section 2 of the 1866 Act. So when Congress originally enacted this provision, Section 1 was the General Declaration of Rights, Section 1 of the 1866 Act. That's now become Section 1981. And Congress had an enforcement mechanism, Section 2, and that does use classic but-for language. So I think that's a good indication of the substantive scope. And true enough, 100 years later, this Court inferred a private right of action, but I don't think that can change the substantive scope that Congress enacted. Unfortunately, I'm stuck back with the Chief Justice's question, and I think Justice Gorsuch was elaborating on that, as I understand their questions. But anyway, my question is, I don't understand if we're talking about pleadings. What's the difference? I mean, you know, they have some evidence. And the evidence is on information and belief. We think that the defendant here used race improperly to deny us the contract. Then they list it. And who cares whether they say it was a motivating factor or whether they say it was a but-for. I can understand it making a difference later when you decide who has the burden of proof, because at that point, you know, the defendant, maybe he should have the whole burden of proof. After all, he knows what's going on in his mind, and the plaintiff doesn't. Or maybe you should say you split it, production versus. But we're not apparently arguing about that. We're just arguing about the complaint. And sure, you want him to say information and but-for, they'll say but-for. You want him to say motivating factor, they'll say motivating factor. Can you give me a case where it makes a difference? Yeah, Justice Breyer, I think it's often going to make a difference later down the line. Yes, later down the line. But if we eliminate that out. And let me give you a hypothetical. This is sort of a silly one. But instead of thinking of but-for in sort of a formal legal way, think of it as did race plausibly make a difference? Someone applies to be an associate of the law firm. They get a letter back where they think there's some sort of racial language in there. And the letter also says, and also, we're not hiring you because you never went to law school. If that person files a complaint complaining about the racial aspect of that denial, I don't think any court would say that there was any plausible way that that person was going to be hired as a law firm associate, regardless of their race, because they weren't a lawyer to start with. Those are the types of things that the plaintiffs said. Well, then it wasn't a motivating factor. It wasn't a motivating factor. And it wasn't a but-for condition. There we are. I mean. I think the core difference, and you see that in the Court of Appeals decision, is the idea that race could have been some sort of consideration, but a consideration that had no ultimate effect on the law. Well, if it's a consideration, it's true. It wouldn't be a consideration where the applicant was a white person. Indeed, it couldn't have been. And if the applicant is a black person, it could be. So the statute says you should treat a white person and a black person alike. And so, I mean, that's their reasoning. If it really does make a difference, and I don't – I'm stuck on both those points. If it really does make a difference, then you have but-for causation. But-for cause does not mean sole cause. Even though it says alike. It means. And even though a black person and a white person, even though a white person wouldn't be treated that way, because of course he couldn't be. On that separate question, the statute does not say everybody is to be treated alike for all purposes. It says that everybody, regardless of race, has the same right to enter a contract. And we certainly agree that any consideration of race is pernicious, and it has no role in private conduct, but this Court has made clear in Domino's Pizza that Section 1981 is not an omnibus remedy for all racial injustices. Alito, can I take your question? What you're saying is that this makes a difference at the pleading stage in those rare cases, if they exist at all, where the complaint goes out of its way to refute itself. I think that is very true. And I think there are certain circumstances, and we don't have a position on whether this case is one of them, where someone could go out of their way to say what the potential arguments of the defendant are. But where the rubber is going to meet the road in a lot of these cases is going to be at summary judgment. So we think it's important that the Court- We don't have a position on whether this particular complaint satisfies Schwambley and Iqbal. We don't think the Court's ordinary practice would be to go on and resolve that question. Is there anything formal stopping the Court? You agree that it's unusual with a complaint with paragraph after paragraph of allegation like this to toss it at the 12B6 stage? You know, I don't want to get into the particulars of this complaint because we  and Iqbal. We don't have a view on it. I think oftentimes the additional allegations could be things that cast doubt on the plausibility of some other allegations. It's possible that that was what was behind those circumstances. Well, in general, what would you say a complaint has to do in order to survive a 12B6 motion in this area? A complaint has to do exactly the same things that a complaint needs to do under the Age Act, under the ADA, under Title VII retaliation claims. This isn't a new innovation. It's just plead enough to think that race made a difference. And if a judge looks at those allegations and plausibly believes that race made a difference, then that's going to be enough to survive under 12B6 Iqbal. Are you endorsing the McDonnell-Douglas burden shifting? Not burden shifting, but the burden remains with the plaintiff, but the production with the defendant to set forth the reasons why? So the court said in Patterson that McDonnell-Douglas applies in 1981 cases at least in the employment context. We think it's an open question whether it would apply beyond the employment context. So should we address that issue? I don't think so. For purposes of this case, we'd be willing to assume that it applies here. It just doesn't matter under that Swierkiewicz decision. Not for the pleading stage, but we did grant. The question presented was whether what the standard was. Yes. May I respond? McDonnell-Douglas does not change the standard. It shifts only the order of introducing evidence at trial, so it won't have an effect on the ultimate standard. Thank you, counsel. Mr. Chemerinsky. Good morning, Mr. Chief Justice, and may it please the Court. Statutory language matters. Where Federal civil rights statutes use the words because of or based on, this Court has inferred a requirement for but-for causation. But this Court has never created a requirement for but-for causation in the absence of such language. Section 1981 uses no such words. It's crucial to remember the procedural posture of this case. It is on a motion to dismiss. All the Ninth Circuit held was that it's sufficient to state a claim under Section 1981 to allege that race was a motivating factor in the denial of the contract. This is on page 2A of the supplement to this cert petition. There is a good deal of confusion in this case so far about the relationship between motivating factor, but-for causation, and burden shifting. Where this Court has adopted a motivating factor standard, it's then adopted a burden shifting framework. That's true in constitutional cases. It's true with regard to Mt. Healthy v. Doyle and Village of Arlington Heights. It's true in statutory cases like McDonnell Douglas and Burdeen. On the other hand, where the Court has adopted but-for causation, it's rejected burden shifting, such as in Gross v. FBL Financial Services. Ultimately, Your Honors, the issue before this case, what was pled, can resolve by looking at the plain language of Section 1981 and Congress's broad remedial purpose. To start with the plain language, Section 1981 says that all persons should have the same right to contract as white individuals. This is about creating a requirement for colorblindness with regard to contracting. If race is used as a motivating factor in denying a contract, then there is not the same right with regard to contracting. Also, in terms of the plain language of the statute, it's very important to look at Section 1. Section 2, which provides for criminal consequences of violation, does use causal language, such as by reason of and cause to be subjected. Section 1 does not use such language. At the end of the day, what is the burden of persuasion in this case, in a case like this? Your Honor, this Court has never reached that question. It's not presented here on the pleadings. Ultimately, the question would be, does the burden of persuasion shift, as under Section 703M, or does it remain with the plaintiffs at all times? We think that implicitly, by in Patterson v. McLean, adopting the McDonnell Douglas-Bredin framework, it would say the burden of production shifts, but the burden of persuasion is always with the plaintiffs. Kagan. The burden of persuasion as to what, Mr. Chemerinsky? What is your view? In the last analysis, ultimately, does but-for causation have to be shown? In the end, Your Honor, I believe that this Court's adoption in Patterson v. McLean of the McDonnell Douglas-Bredin shifting framework does indicate that the burden of persuasion in the end would rest with the plaintiff. But burden of persuasion as to what issue? The burden of persuasion in terms of showing that the contract would not have been issued but for race. Okay. But that's very different, of course, Your Honor, compared to what has to be pled. Yes. So this is just a pleading case. Yes. This is just an issue of whether it's a, you know, a 12B6 Iqbal Twombly pleading case. That's exactly right, Your Honor. That's why I began in my introduction by pointing you to page 2A of the supplement to the cert petition, where all the Ninth Circuit held was that in this case the plaintiffs had to plead that race was a motivating factor. You're not agreeing with the Ninth Circuit, then? No, Your Honor. I am agreeing with the Ninth Circuit. Not with their test. Well, remember, in this case, all the Ninth Circuit focused on was pleading. And that's all the Ninth Circuit should focus on, because this is on a motion to dismiss. Now, I do think there's an issue down the road that could be faced, is at the very end, who has the burden of persuasion. Here, I think Patterson v. McLean. You just said, I thought to Justice Kagan, that the plaintiff would have the burden of persuasion at the end of showing but for causation. Did I mishear that? No, you didn't, Your Honor. What I was saying was, in Patterson v. McLean, this Court adopting the McDonnell Douglas burden-shifting framework, McDonnell Douglas shifts the burden of production but never shifts the burden of persuasion. And so in that sense, that's why we said Patterson v. McLean seems to answer the question. So all you're arguing, I think, is if you plead motivating factor, that that's enough to survive at a pleading stage. Exactly. But you accept that as a matter of burden at trial or in summary judgment, you do have to prove but for causation. That's what this Court, I think, implied in Patterson v. McLean by adopting the McDonnell Douglas burden-shifting framework. So what do you do with the extreme example that the Assistant Solicitor General raised? You know, you're black and you're not a lawyer. We don't hire non-lawyers. And you don't allege in the complaint that you're a lawyer or that you graduated from law school or whatever. What happens in that? I assume in that instance that there's not sufficient allegations even under  I'm going to give you a different example. Imagine that somebody files a complaint that says, I went to a hotel to rent a room and I was told that I was not going to get a room because none were available and also the hotel doesn't rent to blacks. Should that be sufficient to survive a motion to dismiss? We would say yes, because there's racism motivating factor. The argument on the other side is because it doesn't allege but for causation, that wouldn't be enough. And that shows why but for causation isn't an appropriate, in fact, often an impossible standard at the pleading stage. If I understand your answer to Justice Sotomayor's question about Ms. Ratner's hypothetical, why is it that that fails under your view at the pleading stage? They would say, well, based on whatever the racial indication is in the letter, that that may have been a motivating factor. If the complaint alleges that race is a motivating factor, then that is sufficient in order to say it fails. Even if it also, even if, as in the hypothetical, the person's not a lawyer? The reason I answered Justice Sotomayor that way is it has to be plausible that the plaintiff can recover. If an element of the cause of action is not present, then it's not plausible. And I think that would be the question under Iqbal and Twombly. What element of the cause of action would be absent in that hypothetical? I think the question is, is it plausible that the plaintiff was discriminated against on account of race? In the hypothetical that's given, please, Justice Ginsburg. No, I was just going to say, even though a white person would not have had that discriminatory, in other words, been denied an equal, they're not treated the same, which is your theory, but they're treated differently on the account of race because one was the subject of a racially discriminatory comment and the other wasn't. You're right, Your Honor. As you're spelling out the hypothetical, I would say if the complaint is plausible that race was a motivating factor, that should be enough to withstand the motion to dismiss. Why doesn't it also fit the but-for test? I mean, you know, if he hadn't been black, they would have rendered it to him. Well, but, Your Honor. I mean, why on those same facts can't you put your bottom line? And therefore, but for the racial discrimination. What's the difference? Go back to the hypothetical. I can't get the difference between motivating factor and but-for. But there's an enormous difference, which is why this Court has so often said motivating factor. Let me go back to the hypothetical that I gave to Justice Sotomayor. Yeah. A hotel says to an individual that we're not renting a room to you because we have no rooms and because you're black. Right. That doesn't allege that race was a but-for cause. But it does allege the famous tort case that every student studies, the two hunters, okay? Summer versus Tice. The two, yeah, correct. Thank you. Excellent. Head of the class. But in that case, you had two hunters and they both shot the person and either would have been sufficient. Now, no tort professor ever said that that doesn't meet the but-for test. And even though, literally, it would have happened anyway. Okay? So what it seems to me is, yeah, there is that possible exception. But I don't know why ordinary tort law wouldn't take care of it. But, Your Honor, this Court has so frequently drawn a distinction between motivating factor and but-for causation because it matters so much. It is much harder to allege improved but-for causation than to allege that race is a motivating factor. And so that's why, especially at the pleading stage, it's essential. But could you answer Justice Breyer's question? Sure. Wouldn't the very hypothetical you've given us satisfy the but-for test? No, Your Honor, because the position that You disagree with the case? Was it Tice? No, I don't disagree with Summer v. Tice. Well, that's good. That's a start. Your Honor, the position that the opposing counsel has taken is that the complaint has to deny all alternative explanations. No, no. That's not the position that at least is being explored by Justice Breyer. It's just that it has to be plausible that it caused the injury. And isn't the hypothetical you've given us meet that standard? There are two contributing causes. They're both but-for causes. And under traditional tort principles, why wouldn't that be exactly the sort of case that would survive a 12b-6 motion? I would hope it would, but that's not how this Court has often used the phrase but-for causes. Would it be all right to explain? Suppose the opinion said, look, it's the defendant who knows what's in his mind. How can you expect a plaintiff normally to know everything in the defendant's mind? How could you? And so all he has to do is allege on information and belief that he thinks that this racial part of it was motivating. And now say, call that motivating or call it but-for. But he has to believe that. And then we go on to what's actually difficult, I think, is the burden shifting. Suppose we said something like that. No? Yes? Yes. I mean, I think that if the answer is this complaint goes forward either way and the Ninth Circuit was correct, I will accept that answer. The legal rule doesn't matter. You just want to win. I want the law to be clear that motivating factor is sufficient because I think often but-for is very difficult. But on that, wouldn't it be unusual for us to say that the test for the pleading stage is motivating factor, but the test at the trial or at summary judgment is but-for? Emphatically no, Your Honor. Why wouldn't that be a little unusual? Because this Court in so many contexts has ultimately said it's but-for. No. But at the pleading stage, only motivating factor. No. Well, we've said in Price Waterhouse it's motivating factor throughout. We haven't made some special exception for pleading stage. And McDonnell Douglas, which you relied on earlier, is a but-for test. And the plaintiff just has to plead a prima facie case, a but-for causation or motivating factor depending on the circumstances. No, Your Honor. First, Swerkiewicz v. Serema specifically says, and it was unanimous decision of this Court, that plaintiffs do not need to plead a prima facie case. Second, in every area where this Court We can disagree over what Swerkiewicz said, but wouldn't it be a little unusual for us to apply different legal standards at different stages of the same case? No, Your Honor. Take constitutional cases like Monthealthy v. Doyle in Village of Arlington Heights. All that's required at the pleading stage is motivating factor, though in the very end it would be but-for causation. This is true under McDonnell Douglas in Verdeen as well. What's required at the pleading stage is very different than what's required at the very end. I'm sorry. What if the complaint alleges this was not the but-for cause of the adverse action against me, but it was a motivating factor? Would that be sufficient to go forward? Yes, and I understand your hypothetical. All that should be required at the pleading stage is motivating factor. Even if it concedes, even if the plaintiff concedes in the complaint that it wasn't a but-for cause. And even if but-for cause is the standard at the end of the day, the case should be permitted to go forward toward its inevitable doom. But, Your Honor, the whole point of the burden-shifting framework is to be able to establish what was the actual cause. The problem is, I go back to Justice Gorsuch's question, is it's not realistic to say to the plaintiff that you have to allege that this was the but-for cause and deny all other causes at that stage. That's right. But that seems very different from saying you have to allege a motivating cause. I mean, it's true that you cannot expect the plaintiff to negate everything else that might be in the defendant's mind. This is prediscovery. The plaintiff isn't going to know everything else that could have been in the defendant's mind. But as long as the plaintiff comes forward with sufficient allegations to say, given what I know, you know, this defendant made a racist remark, this defendant gave contracts to white firms that were not as qualified as our contract were. Why do you have to label that anything? Why do you just have to say, those are the kinds of facts that at this stage of the litigation allow the complaint to go forward? I think they should be, Justice Kagan. As I said to Justice Breyer earlier, I think all we're saying is that those allegations should be sufficient. And as Justice Alito pointed out, pages 3 to 5 of the complaint allege those facts as found in the second amended complaint. But then, Mr. Chemerinsky, don't you think that the Ninth Circuit has to be reversed? I mean, I'm just going to read you a sentence from the Ninth Circuit which seems to say something very different. It says, even if racial animus was not the but-for cause of a defendant's refusal to contract, a plaintiff can still prevail, prevail, not, like, satisfy the pleading standard, prevail, if she demonstrates that discriminatory intent was a factor in that decision. So, I mean, that seems wrong, right? But it wasn't the issue before the Ninth Circuit. The issue before the Ninth Circuit was solely about the pleading. And here I direct you to the language I referred to on page 2A. Can we just have an answer to Justice Kagan's question before you proceed on to page whatever it is? Sure. I just, I'd be grateful to know. It doesn't, don't you agree that the Ninth Circuit was wrong? What I was saying is in terms of the statement of whether or not an order to prevail in my response to Justice Kagan was that wasn't the issue before the Ninth Circuit of this Court. I understand that. I understand that. But I would say, Your Honor. Would you agree the Ninth Circuit was wrong, though? Well, what I would say is what I said to Justice Kagan's initial question. Patterson v. McLean adopts the burden shifting of McDonnell Douglas. I've got it. We're not going to get an answer. Absolutely. If we write an opinion, if we write an opinion that says in 1981 cases the plaintiff has the ultimate burden of persuasion to prove that race was a but-for cause of the decision, we vacate and remand for the Ninth Circuit to analyze the complaint. What is wrong with that decision? Well, because it's not the issue before this Court, Your Honor. Well, isn't it the issue given what Justice Kagan just read from the Ninth Circuit's decision which influenced how the Ninth Circuit assessed the complaint, if we articulate the right standard and then vacate for them to analyze the complaint under the right standard, wouldn't that be the better way to go? But the right standard for the complaint is to allege that race was a motivating factor. Whatever is the conclusion with regard to ultimately as the burden of persuasion doesn't change the pleading stage. And that's why I keep going back to what the Ninth Circuit actually held on page 2A. We wouldn't be saying anything about the pleading stage under the hypothetical opinion I just articulated. It would just be saying the ultimate burden of persuasion in 1981 cases, contrary to what the Ninth Circuit had said per Justice Kagan's recitation. Sure. And I think this Court, if it wanted to face the issues now before it could say that the pleading stage motivating factor is sufficient, Patterson v. McLean says the McDonnell-Douglas-Burdine burden shifting applies. It shifts the burden of production but not the burden of persuasion. And I think that would deal with all of the issues that we're talking about here. Sure. I'm not sure. Good. Look, now at least I've got in my head what I, God, don't go further if I don't have it right. Smith says, Now, this man wouldn't contract with me. I know him. He is the most bigoted person in this state. And as normal, he's said all kinds of racist things and jumped up and down and so forth. And by the way, he's my fifth cousin. And he hates me. And I've never met anybody who hated me so much. And I think, for both reasons, he would have never entered into this contract. Now, there we have two sufficient causes in the absence of the either. And do you win under this statute or do you not? Because the reason they put it in the pleading stage is if you, what you allege, I don't know that there's ever been a complaint like this, but if there were, if you don't win, then why do you let you go further if you can't win? Your Honor, because this Court has said we don't want to determine at the pleading stage what was the actual cause. That's a question of fact for the jury. But do you think you do win or not? I mean, you know, the two hunters, they win. Do they win here or not? If at the end, the plaintiff concedes that he or she would have never gotten the contract anyway, I believe at the end, under the standard adopted in Patterson v. McLean, the plaintiff would not prevail. I'm sorry. Go ahead. But that doesn't tell us what's required at the pleading stage or at the prima facie case. We're talking about what is or is not before us. It seems to me that your focus is on the availability of the burden shifting mechanism, right? Yes. Well, that's not in the question presented either. That's correct, Your Honor. I think the only reason that I go to the burden shifting was Patterson v. McLean adopted the burden shifting. And it answers many of the questions that have been put to me today. But the only issue before you, because this case is on a motion to dispense, is pleading. Mr. Chemerinsky, the worst thing we could possibly do is to try to describe a pleading standard on the basis of McDonnell-Douglas or Price-Waterhouse, which were trial burdens or summary judgment burdens. Why isn't it simple enough to say? You, from the allegation, it's a reasonable conclusion that race was the reason for the denial of a contract. Exactly, Your Honor. That's all you need to say in this case. And I don't disagree with you, potentially, that in most circumstances, you prove a motivating factor. That'll be enough. That's what I think my two colleagues have been saying. I hesitate to say something's the worst thing we could do. No, you're right. We've done a lot worse. But if it is a reasonable conclusion based on what you've alleged, why have you so strenuously resisted alleging but-for causation? Your Honor, because we live in a world of multiple causes. And we believe that all that's required by the plain language of the statute or by the statute is that race be a motivating factor. We do actually allege but-for causation in the complaint. I mean, if you look at the complaint itself, and I can direct you to the specific paragraph of the complaint, it says but-for causation. Paragraph 103 of the complaint says that the denial of the contract was, and I'm quoting the words, on account of race. And the specific paragraphs of the complaint support that. So we do have a section in our brief that we meet the requirement for but-for causation. But I think when you focus on the statutory language, when you focus on Congress's broad remedial purpose, it did not mean to impose a requirement for but-for causation at the pleading or at the prima facie case stage either. It just strikes me as confusing to throw in a different causal standard for the pleading stage as opposed to the ultimate stage, as opposed to saying, look, at the pleading stage we understand that not everybody's going to know everything, so we're going to not require too much in the way of proof. I mean, you're suggesting that but-for cause is sole cause. But-for cause has never been sole cause. There can be three but-for causes in a case. You know, if you take away each of these three things, the outcome would have been different. But motivating factor is something different. Motivating factor you can take out and the outcome would still be the same. And it just seems quite confusing to me to put in something that's not the same question as the ultimate question at the pleading stage rather than to understand the pleadings are pleadings and they're before discovery and nobody can be expected to know what the defendant is going to say. I disagree, Justice Kagan. This Court has repeatedly adopted a motivating standard pleading approach even though in the end it's a but-for cause standard. I go back to what I said to Justice Gorsuch. If you look at the constitutional cases like Mount Healthy v. Doyle, Village of Arlington Heights v. Metropolitan Development Corporation, all that's required at the pleading stage is a motivating factor. That's true with regard to Title VII as well. It's a motivating factor standard at the pleading stage. I think to require a but-for causation at the pleading stage would be often an insurmountable burden. In fact, that was Justice O'Connor's point in Pricewaterhouse how but-for causation is so difficult. These cases, as you know, are not usually thrown out at the motion to dismiss stage and usually you have the ultimate legal test in mind and you just look at the facts alleged in the complaint to see, as Justice Sotomayor rightly said, whether there's a way you could plausibly infer from those facts that it would ultimately meet the test for 1981 or for discrimination. This is a helpful question for you. Isn't that just how it usually works? Yes. Yeah. Yeah. In other words, we shouldn't get in or why should we get in? I guess I'm picking up on Justice Kagan's now. Here's the legal test for 1981. Go look at the facts alleged in the complaint, the facts, and just see whether they would meet the standard. It's pretty rare, at least in my years of looking at discrimination complaints, it's pretty rare to throw one out at the motion to dismiss stage as long as it passes a pretty low bar. And that's exactly right and that's what the Ninth Circuit did if you read the opinion in this case. The Ninth Circuit says in the bottom of page 2A that the only question before us is the pleadings and it says that the standard is motivating factor of pleadings and at the top of page 3 it then says that's met. The problem, and I'm repeating myself, but the problem is that they were assessing that arguably, as Justice Kagan pointed out, with the wrong test in mind. If they had the right test in mind, they still might allow the complaint to go forward, but that was the question presented in the cert petition. But I think all this Court needs to say then is that the Ninth Circuit is correct in saying that the pleading stage motivating factor is sufficient and perhaps you want to remand to assess whether or not they applied the standard, though I think, again, if you look at top page 3 of the opinion in this case, that's exactly what they did was say there's plausible allegations here that race was a motivating factor. But you told me that we don't even have to do that because you say that you did plead but-for cause. Yes, Your Honor. We did plead but-for causation, but we do not believe that it's a requirement. We believe that the pleading stage, all that's necessary, is a motivating factor. Well, that sounds like an advisory opinion for me saying, well, you know, they're not arguing that but-for cause is required, but they alleged it anyway, but we're supposed to forget about that and instead address this very slippery question which isn't even presented under your argument today. I agree with that. I think the only question presented is about the pleading stage. It's quite notable that there was a second question in the cert petition that this Court did not grant cert on, and that was the question of whether or not the plaintiff has the burden of negating all other explanations at the pleading stage. I think that shows why we're here today and what we're arguing about and why it matters so much. But I agree completely, Chief Justice Roberts, all that is before this Court is whether the Ninth Circuit was correct that at the pleading stage, it just has to be alleged that race was the motivating factor in the denial of the contract. I know you didn't draft the complaint, but the complaint goes on and on and on with a lot of facts, including an allegation that Comcast entered into a racist conspiracy with the NAACP, the National Union League, Al Sharpton and the National Action Network. And you think that had any effect on what the district court did here in granting dismissal under 12b-6? It shouldn't, Your Honor, because it's not in the second amended complaint. And the only operative complaint before the district court in the matters now before this Court was the second amended complaint. And the second amended complaint alleges many facts that would support plausibly that race was the motivating factor in denying contracts. And you alluded to these earlier on pages 3 to 5. These are such things as that Mr. Allen was told over many years things to do and he'd get carriage. He did those and didn't get carriage. That he was told that there was no bandwidth, but they then carried 80 white-owned channels. That all of the channels that are carried by the other cable companies are carried by Comcast, except for Mr. Allen's channels. All of this is at least enough to allege that race is a motivating factor. But also enough to allege that the NAACP and the National Urban League and the other individuals were in on the conspiracy? Your Honor, that is not in the second amended complaint. And the only thing that was before the district court in the matters before this Court is the second amended complaint. What you're referring to here is not properly before the district court and not properly before this Court. In conclusion, ultimately this case comes down to two different conceptions of what must be plaid. Our view is there should be enough to allege that race is a motivating factor. The other side says it has to be alleged that race is the but-for cause. When you think of Congress's broad remedial purposes in 1866, there is no doubt that Congress wanted then to open the door to claims with regard to race discrimination and contracting, not to close that door. Thank you. Thank you, Counsel. Mr. Estrada, three minutes remaining. Yes. Thank you, Mr. Chief Justice. Let me start with the last question that was asked and the answer given by Counsel. I would refer the Court to the PEDAP starting at page 54A in paragraph 59, which is the second amended complaint, which is the current complaint at issue, where the current complaint continues to allege that white-owned media and Comcast in particular works hand-in-glove with the Federal Government to execute this racist conspiracy. I would further refer the Court to paragraphs 64, 62, 64, and 65, which are in the pages following, in which the current complaint goes on to allege that we paid off the signatories to the Memorandums of Understanding. It doesn't name them by name, but those were incorporated by reference and the district court took judicial notice of the MAU, and obviously the signatories are named. They're the NAACP, the Urban League, and Al Sharpton. And so the allegation is that we paid off the oldest civil rights organizations in the country to give us cover for racial discrimination. The complaint goes on in paragraph 73 and 81 to say that we have minority-owned networks that are run by Magic Johnson and Diddy Combs, which apparently are some sort of artists, and it claims that these African-American entertainers actually signed up with Comcast to give us cover for our racial discrimination. Now, the period covered by the complaint is 2005 to February 2015, when the complaint was filed. So, in a nutshell, the theory of the complaint is that Comcast engaged in a racist plot with the Obama Administration, the oldest civil rights organizations in the country, Diddy and Magic Johnson. And if that actually in any planet satisfies, I don't know how many paragraphs this has, Justice Kavanaugh, it can have a hundred paragraphs. But if in any planet that satisfies the plausibility standard on ICPOL, the civil justice system has real problems. If I could go back to the question that Justice Alito asked earlier with respect to the allegations that are listed in those pages, you know, the thing that I wanted to make clear with respect to the settlement and that I was making clear with respect to the time period covered by the complaint, which is 2008 to February 2015, is that the carriage by AT&T and DirecTV, which are probably the largest in the country, 25 million or so, is post-dates the events in the complaint with respect to demand that they can show by reference to this carriage is one that was by dint of a settlement that was entered due in dependency of this litigation. We ask for judicial notice, again, of the fact that these complaints were all pending in the Central District of California. And this probably had some bearing on the fact that Judge Hatter, who didn't just follow up the turnip truck, granted our motion to dismiss. Thank you, Mr. Chief Justice. Thank you, Counsel. The case is submitted.